IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY C. SHELTON (TDCJ No. 480475), | § § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-700-M-BN |
| WILLIAM STEPHENS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Terry C. Shelton, a Texas inmate proceeding *pro se*, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 3; *see also* Dkt. No. 4 (memorandum in support). This action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice on limitations grounds pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Shelton currently is incarcerated pursuant to four 2010 convictions for aggravated robbery with a deadly weapon. *See State v. Shelton*, Nos. F-09-20518-U,

-1-

F-09-73040-U, F-10-21198-U, & F-10-55874-U (291st Jud. Dist. Ct., Dallas Cnty., Tex.); Dkt. No. 3 at 2. He did not file direct appeals. But, in 2014, he filed state habeas applications, which the Texas Court of Criminal Appeals ultimately denied without written orders on the findings of the trial court. *See Ex Parte Shelton*, WR-82,653-01, -02, -03, & -04 (Tex. Crim. App. Aug. 26, 2015); Dkt. No. 3 at 4.

In his federal habeas application, Shelton asserts that he was denied his right to appeal in state court; that his appointed counsel was ineffective because counsel failed "to consult with petitioner concerning appeal" and counsel "failed to give notice of appeal, motion for new trial or perfect appeal"; and that the "trial court erred by not appointing counsel for appeal after allowing trial counsel to withdraw." Dkt. No. 3 at 6-7.

Upon initial review of Shelton's federal habeas application, the Court, recognizing that, to the extent his claims are cognizable, they are likely time barred, issued a questionnaire [Dkt. No. 7] to provide Shelton fair notice of the limitations issue and to allow him to present his position as to that issue, by answering the questionnaire. The Court received Shelton's verified responses on April 8, 2016. *See* Dkt. No. 8.

**Legal Standards**

Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF

1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).[1]

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond

---

[1] *See also Farmer v. D&O Contractors*, ___ F. App'x ___, No. 15-30297, 2016 WL 672565, at *4 (5th Cir. Feb. 18, 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)]*, means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases,

as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

In response to the Court's request that Shelton explain why his federal habeas petition is not time barred, he has asserted that his "appointed counsel and trial court's failure to consult or advise [him of his] appellate rights at the time of sentencing forfeited [his] right to timely proceed with [a] federal habeas petition." Dkt. No. 8 at 5.

To the extent that Shelton alleges that the assertions above, even if accepted as true, amount to a State-created impediment under Section 2244(d)(1)(B), it is well-established "that a state court's failure to advise a petitioner of his appellate rights at sentencing [is] not a state-created impediment that prevent[s a petitioner] from filing his federal habeas petition." *Baker v. Wilson*, No. 5:06 CV 1547, 2009 WL 313325, at *8 (N.D. Ohio Feb. 6, 2009) (citing *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002)

(per curiam) ("Although [failing to give notice of his appeal rights at sentencing and not timely appointing counsel to perfect a belated appeal] may have interfered with Miller's direct appeal in state court in the early 1990s, Miller has failed to explain how the action prevented him from filing his federal habeas corpus petition until 2001."); collecting cases from other circuits, including *Stimel v. Dretke*, Civ. A. No. V-05-108, 2006 WL 2770025, at *5 (S.D. Tex. Sept. 22, 2006) ("Even assuming that, as Petitioner claims, the trial court failed to admonish him of his right to appeal, such a failure might have constituted valid grounds for habeas relief in a timely-filed petition. But it does not constitute grounds for extending his time to seek habeas relief because Petitioner could have – indeed, he did – file his habeas petitions without first appealing his conviction. In other words, even if Petitioner was unaware of his right to appeal, he is not excused from complying with the deadlines set forth in the federal habeas statutes.")).

Shelton is not asserting a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And the factual predicate of – or "the 'vital facts' underlying" – his claims, *see id.*, § 2244(d)(1)(D), all centered on the lack of a direct appeal in state court, could have been discovered with due diligence as early as 2010, when no direct appeal was filed. *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012); *compare* Dkt. No. 8 at 6 (Shelton verified that he "was under the assumption [that his] appointed counsel would file [his] direct appeal on time"), *with Brown v. Quarterman*, No. 4:06-cv-573-Y, 2006 WL 3289211, at *1 (N.D. Tex. Nov. 13, 2006) (rejecting Section 2244(d)(1)(D) as a basis for statutory tolling where the time to file a direct appeal in state court expired more

than two years before petitioner claimed he first discovered "his right to appeal and the failure of counsel to appeal").

As no other provision of 28 U.S.C. § 2244(d)(1) plausibly could apply, the Court will analyze timeliness under Section 2244(d)(1)(A).

Because Shelton failed to file a direct appeal, his convictions and sentences, imposed on November 5, 2010, *see* Dkt. No. 3 at 2, became final for limitations purposes 30 days later – on Monday, December 6, 2010. *See* TEX. R. APP. P. 4.1(a) & 26.2(a)(1). March 7, 2016, the date that Shelton declares he placed this federal habeas application in the prison mail system, *see* Dkt. No. 3 at 11, is some four years and three months after December 6, 2011, one year from the date his convictions and sentences became final for limitations purposes.

Since Shelton's state habeas applications was filed after AEDPA's limitations period lapsed, *see id.* at 4 (providing that the state applications were filed on June 20, 2014), they did not toll AEDPA's limitations period, *see Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000))).

The current Section 2254 application is therefore due to be denied as untimely absent tolling of the limitations period.

First, Shelton does not claim that he is actually (factually) innocent. *See* Dkt. Nos. 3 & 4.

As to equitable tolling, asked to identify what (if anything) prevented him from timely seeking state post-conviction relief regarding his state appellate rights, which appear to be the focus of his federal habeas application, *see* Dkt. No. 7 at 5, Shelton responded:

> I was under the assumption my appointed counsel would file my direct appeal on time. After a considerable amount of time had elapsed and not hearing from counsel, I wrote several letters to him asking about my appeal. He never responded to my letters. At that point I was unaware of the rules of how or when to file a notice of appeal.

Dkt. No. 8 at 6.

But, as another judge of this Court has stated, "[w]hile a counsel's failure to perfect a direct appeal may constitute ineffective assistance of counsel, it does not justify equitable tolling," because there, as well as here, "counsel's conduct in failing to perfect a direct appeal occurred before the date on which Petitioner's convictions became final – i.e. before the one-year period even began to run," which means that counsel's conduct "has no bearing on whether the one-year period should be equitably tolled." *Bartee v. Quarterman*, No. 3:08-cv-2176-N, 2009 WL 856906, at *3-*4 (N.D. Tex. Mar. 30, 2009) (citing *Molo v. Johnson*, 207 F.3d 773, 775-76 (5th Cir. 2000) ("Whether Molo had effective assistance of counsel on direct appeal in state court is not relevant to the question of tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations. The same is so of his claim that the Texas Court of Criminal Appeals erred under state law when it denied his out-of-time appeal."); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.

2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("Ineffective assistance of counsel is irrelevant to the tolling decision.")).

Shelton, therefore, has not carried his "burden ... to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely file" his Section 2254 habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 2016 WL 672565, at *4.

**Recommendation and Direction to the Clerk of Court**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is barred by limitations. The Court also should direct that the Clerk of Court serve any order adopting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Elizabeth Goettert and Laura Haney, Assistant Attorneys General, Postconviction Litigation Division, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 8, 2016

    _____
    DAVID L. HORAN
    UNITED STATES MAGISTRATE JUDGE