IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY C. SHELTON (TDCJ No. 480475), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-700-M-BN |
| WILLIAM STEPHENS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT
PREJUDICE MOTION TO PROVIDE DOCUMENTS AND RECORDS**

In this 28 U.S.C. § 2254 habeas action, referred to the undersigned United

States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and

a standing order of reference from United States District Judge Barbara M. G. Lynn,

the undersigned issued, on April 8, 2016, findings of fact, conclusions of law, and a

recommendation ("FCR") that the Court should dismiss the habeas application with

prejudice on limitations grounds under Rule 4 of the Rules Governing Section 2254

Cases ("Habeas Rule 4"). *See* Dkt. No. 9.

Petitioner Terry C. Shelton, a Texas inmate proceeding *pro se*, has now filed a

motion requesting "certified copies of documents or records on file" under 28 U.S.C. §

2250. *See* Dkt. No. 11 ("Petitioner seeks these records as 'Documentary Evidence' as

outlined and in accordance with [28 U.S.C.] § 2247 so that he may present his claim

in the Court and the filing for COA."). Although Petitioner's Section 2250 motion was

received on April 12, 2016, after the undersigned issued the FCR, it is postmarked

April 8, 2016. *See id.* at 3. Prior to entering the FCR, the Court granted Petitioner leave to proceed *in forma pauperis. See* Dkt. No. 6.

The Section 2250 motion [Dkt. No. 11] is DENIED without prejudice for the reasons explained below.

## Legal Standards and Analysis

### 28 U.S.C. § 2250

"The *in forma pauperis* statute does not grant the court the authority to provide an indigent litigant with copies of all the documents in the record." *Anderson v. Gillis*, 236 F. App'x 738, 739 (3d Cir. 2007) (per curiam) (citing *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam), for proposition that "the statutory right to proceed *in forma pauperis* does not include right to free copies of court orders").

But 28 U.S.C. § 2250 provides that:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application *in forma pauperis*, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Under this statute, a habeas petitioner is entitled to free copies of records on file in the federal proceeding only where ordered by the presiding judge. And "[w]hile indigent prisoners in a habeas case who have been granted *in forma pauperis* status are entitled to obtain certain documents without cost, copies of documents generated by the petitioner and filed by him previously in the case would not be included." *Anderson*, 236 F. App'x at 739 (citing 28 U.S.C. § 2250); *see also Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970) (per curiam) ("Title 28 U.S.C. § 2250

provides that only where a petitioner for the writ of habeas corpus has been granted

leave to proceed *in forma pauperis* and his application is pending before the court is

that petitioner entitled to be furnished copies of court records without cost."").

Petitioner also must show a need for and the relevance of the requested records. *See*

*Bingham v. Dretke*, No. 4:03-cv-877-Y, 2004 WL 122549, at *4 (N.D. Tex. Jan. 9, 2004),

*rec. adopted*, 2004 WL 396265 (N.D. Tex. Feb. 27, 2004) (citing *United States v.*

*MacCollom,* 426 U.S. 317, 326-28 (1976)). And the decision whether to provide the

petitioner with copies of documents rests within the Court's sound discretion. *See*

*Althouse v. Cockrell*, Nos. 3:01-cv-0779-R, 3:01-cv-2154-R, & 3:01-cv-2155-R, 2004 WL

377049, at *2 (N.D. Tex. Feb. 13, 2004) (citing cases).

The Habeas Record

        In a habeas case brought under 28 U.S.C. § 2254, a federal court cannot expand

the record on a claim adjudicated on the merits in state court. *See Cullen v. Pinholster*,

563 U.S. 170, 180-81 (2011). That is, "review under § 2254(d)(1) is limited to the record

that was before the state court that adjudicated the claim on the merits." *Id.* at 180.

Because Section 2254 "requires an examination of the state-court decision at the time

it was made," the Supreme Court held that "the record under review is limited to the

record in existence at that same time i.e., the record before the state court." *Id.* at 182;

*see also Gallow v. Cooper*, 505 F. App'x 285, 295-96 (5th Cir. 2012) (per curiam)

("Similarly, the language of § 2254(d)(2) limits review to the 'evidence presented in the

State court proceeding.'" (footnote omitted)).

        But, "[p]rocedurally speaking, habeas corpus is an unruly beast. The statutes

concerning habeas corpus allow 'documentary evidence' to be added, 28 U.S.C. § 2247,

and in the discretion of the judge, evidence 'by affidavit.' 28 U.S.C. § 2246. Judges are allowed in their discretion to 'supplement the record' with whatever documentary evidence seems appropriate. Rules for § 2254 cases, Rule 7." *Coleman v. Clark*, No. CIV S-07-0136 FCD GGH P, 2008 WL 5273519, at *1 (E.D. Cal. Dec. 15, 2008), *rec. adopted*, 2009 WL 414056 (E.D. Cal. Feb. 18, 2009), *aff'd*, 398 F. App'x 193 (9th Cir. 2010).

In *Coleman*, the court addressed which "standard ... the court utilizes to assess the extra-record evidence in an AEDPA statute of limitations motion" and chose the "line of authority which would indicate that the AEDPA statute of limitations may be decided on the extra-record submittals of the parties within a motion despite the existence of an 'issue of fact,' except where the court in its discretion believes that the factual 'paper' record is insufficient and requires an evidentiary hearing." *Id.*

Analysis

Here, after providing Petitioner notice and an opportunity to respond, the undersigned has recommended that Petitioner's habeas application be denied on limitations grounds under Habeas Rule 4, which authorizes a district court to summarily dismiss a Section 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

This recommendation was based solely on information that Petitioner provided to the Court – in his application [Dkt. No. 3] and his verified responses to the Court's questionnaire concerning limitations [Dkt. No. 4]. Those "documents[,] generated by the petitioner and filed by him previously in the case," which form the basis of the recommendation to dismiss the habeas application, are not included in the universe of

documents the Court could provide Petitioner under Section 2250. *Anderson*, 236 F. App'x at 739. And the Court's orders and the FCR have been served on Petitioner. As such, the Court has not considered, and there currently is no need to consider, "documentary evidence, transcripts of proceedings upon arraignment, plea and sentence and a transcript of the oral testimony introduced on <u>any previous similar application</u> [for a writ of habeas corpus] by or in behalf of [Petitioner]" as evidence in this proceeding. 28 U.S.C. § 2247 (emphasis added); *see Hampton v. Wyrick*, 588 F.2d 632, 633 n.1 (8th Cir. 1978) (per curiam) (affirming denial of motion seeking documents under Section 2247 because "[m]uch of the information sought to be produced was part of the record before the district court").

Therefore, Section 2247 currently does not provide a basis to grant the Section 2250 motion, and Petitioner has not shown other grounds that support providing him free copies of the records on file in this proceeding that he did not generate.

Should Judge Lynn reject the FCR or, if she accepts the FCR, and Petitioner believes he needs certain documents in order to move for a certificate of appealability, the current denial is without prejudice to his right to file a new motion under Section 2250 in the future.

SO ORDERED.

DATED: April 14, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE